IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 14-20014-12/13-KHV |
| FASTINO SOTO (12) and ) | |
| PETSAMAI PHOMMASENG (13), ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On December 10, 2015, the Court ordered the parties to show good cause in writing why it should not sever the trial of Petsamai Phommaseng and proceed to trial on February 8, 2016 as to Faustino Soto. See Order To Show Cause (Doc. #355). In response to the show cause order, Soto requests severance so that his trial may proceed as scheduled. See Defendant Soto's Response To The Court's Order To Show Cause (Doc. #358) filed December 15, 2005 at 2. The government and Phommaseng do not oppose severance. See Government's Response To Order To Show Cause ("Government Response") (Doc. #359) filed December 15, 2015 at 2-3; Defendant's [Phommaseng's] Response To Court's Order To Show Cause (Doc. #357) filed December 14, 2015 at 2. Under the circumstances, the Court will sever the trial of Petsamai Phommaseng and proceed to trial on February 8, 2016 as to Faustino Soto.

Phommaseng asks the Court to continue his trial. See Second Amended Motion To Continue Jury Trial (Doc. #342) filed December 7, 2015. Defendant seeks the extension under the ends-of-justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant an extension of time under this provision, the Court considers whether the ends of justice served by granting an extension outweigh the best interests of the public and defendant in a

speedy trial. <u>United States v. Toombs</u>, 574 F.3d 1262, 1268 (10th Cir. 2009). In doing so, the Court must consider (among others) the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

In support of his motion for continuance, defendant cites the following facts: (1) he was indicted on November 18, 2015; (2) discovery is voluminous; (3) trial is anticipated to take three weeks; (3) defense counsel was appointed on December 2, 2015 and has not had sufficient time to receive and review relevant discovery; (4) due to a jury trial in another case, defense counsel has a conflict with the trial date in this case. Based on the government's response to the show cause order, it appears that the government does not oppose defendant's motion. <u>Government Response</u> (Doc. #359) at 3 (voluminous discovery will require significant time for counsel to adequately review for trial; requesting if Court grants severance, it set scheduling conference regarding

mutually agreeable trial and pretrial conference settings).

For reasons set forth in defendant's motion, the Court finds that a continuance of trial as to Phommaseng is necessary based on the amount of discovery and to allow counsel reasonable time to adequately prepare for pretrial proceedings and trial, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).  The Court further finds that the ends of justice served by granting a continuance outweigh the interests of the public and defendant in a speedy trial.

**IT IS THEREFORE ORDERED that the Court will sever the trial of Petsamai Phommaseng and proceed to trial on February 8, 2016 as to Faustino Soto.**

**IT IS FURTHER ORDERED** that Phommaseng's Second Amended Motion To Continue Jury Trial (Doc. #342) filed December 7, 2015 be and hereby is **SUSTAINED**.  **As to Phommaseng, trial is set for August 22, 2016, at 9:00 a.m. in Courtroom 476.**  As to Phommaseng, the parties shall propose a separate pretrial order setting forth discovery and pretrial deadlines.

**IT IS FURTHER ORDERED that as to defendant Petsamai Phommaseng, the delay caused by this continuance – from December 7, 2015 to August 22, 2016 – shall be excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).**

**IT IS FURTHER ORDERED** that Phommaseng's Amended Motion To Continue Jury Trial (Doc. #341) filed December 7, 2015 be and hereby is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that Phommaseng's Motion To Continue Jury Trial (Doc. #339) filed December 7, 2015 be and hereby is **OVERRULED as moot.**

Dated this 6th day of January, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge